UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROSEMARIE CARNESE,

                Plaintiff,

      v.

STANDARD INSURANCE CO., et al.,

                Defendants.

No. CV 06-211-MO

OPINION AND ORDER

**MOSMAN, J.,**

      The question in this ERISA case is whether a plan beneficiary has a remedy for procedural violations committed by the plan administrator where her request for benefits is ultimately granted. Here, plaintiff Rosemarie Carnese made a claim for long-term disability benefits, which was initially denied by defendant Standard Insurance Company ("Standard"). On administrative review, the administrator failed to make a decision within the time period defined by ERISA and the plan, and Ms. Carnese, acting pro se, filed this lawsuit arguing her claim was "deemed denied" by the delay. A few weeks after the case was filed, however, Standard considered some additional information submitted by Ms. Carnese just before filing suit and reversed its prior denial and granted her claim for benefits. Standard now moves to dismiss (#6) this case asserting Ms. Carnese's claim is moot as she has been awarded the benefits she sought. Ms. Carnese opposes the motion arguing she is entitled to various additional remedies due to the

PAGE 1 - OPINION AND ORDER

plan's failure to make a timely decision, including damages, interest, and attorney's fees and costs, and she cross moves for summary judgment (#10). For the following reasons, Standard's motion is DENIED and Ms. Carnese's motion is GRANTED IN PART AND DENIED IN PART.

Generally, plan beneficiaries are not entitled to a substantive remedy for procedural violations committed by the plan. *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 984 (9th Cir. 2005) (citing *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir. 1984), *abrogation on other grounds recognized by Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889, 894 (9th Cir. 1990)). The only exception is where the procedural violation "work[s] a substantive harm." *Blau*, 748 F.2d at 1354. Where this exception applies, however, there is a question as to what constitutes an appropriate "substantive remedy." As of yet, the only potential remedy addressed by the Ninth Circuit is a change in the appropriate standard of review for reviewing the plan's ultimate decision denying benefits. *See id.* ("in reviewing an administrator's decision, a court must consider continuing procedural violations in determining whether the decision to deny benefits in a particular case was arbitrary and capricious"); *Gatti*, 415 F.3d at 985 ("procedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm"); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1105-06 (9th Cir. 2003) (holding decision denying benefits that is untimely under plan provisions not entitled to deferential review because not result of exercise of discretion but of mechanical application of timing rule). Indeed, the only indication of other potential "substantive remedies" is in *Jebian*, where the court stated: "[T]he question here is not whether Jebian is entitled to a 'substantive remedy,' for the [procedural violation]. We do not

decide that Jebian is to be *awarded benefits, damages, or any other relief* because [the plan] violated ERISA." 349 F.3d at 1106 n.6 (emphasis added).

The holdings relating to the appropriate standard of review are irrelevant in this case because Ms. Carnese does not seek judicial review of Standard's ultimate decision granting her claim for benefits. Rather, she seeks other substantive relief. ERISA provides a comprehensive remedial scheme meaning the only remedies available to plan beneficiaries are those identified in the statute. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Ms. Carnese filed suit under 29 U.S.C. § 1132(a)(1)(B) "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." By reversing its prior denial of her benefits claim and awarding her benefits under the plan, Standard has afforded Ms. Carnese the remedy provided under this section and no further remedy is allowed. However, though not cited initially in her complaint, Ms. Carnese now relies on 29 U.S.C. § 1132(a)(3) in claiming she is entitled to additional remedies, including (1) interest related to the plan's untimely decision, (2) compensation for tax consequences she suffered as a result of the plan's delay, and (3) attorney's fees and costs.

Section 1132(a)(3) provides: "A civil action my be brought by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Apparently, Ms. Carnese relies on the "equitable relief" provision. "The Supreme Court has construed the phrase 'appropriate equitable relief' narrowly." *Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*, 384 F.3d 667, 671 (9th Cir. 2004). Claims for compensatory monetary damages have not been allowed.

PAGE 3 - OPINION AND ORDER

Rather, remedies have been "limited to those categories of relief that were typically available in equity." *Id.* (internal quotation marks omitted).

Due to this limitation, the Ninth Circuit has specifically held damages related to adverse tax consequences are not recoverable under § 1132(a)(3). *Farr v. U.S. West Commc'ns, Inc.*, 151 F.3d 908, 916 (9th Cir. 1998). As for Ms. Carnese's claim for interest, it appears the Ninth Circuit has not addressed this question. However, several other circuits have considered such claims, concluding interest in relation to late payments that are voluntarily paid as opposed to paid as a result of a judgment is a form of equitable relief available under § 1132(a)(3). *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 209-10 & n.23. (3d Cir. 2004) (listing cases). In *Skretvedt*, the Third Circuit concluded that the principles supporting a prejudgment interest award–"making the claimant whole and preventing unjust enrichment"–also justify awarding interest where no judgment is entered, and that there was no persuasive reason for distinguishing between the two contexts. *Id.* at 209. Further, the court concluded interest can be an "appropriate equitable remedy" under § 1132(a)(3) when it is awarded as a form of equitable restitution as defined by the Supreme Court. *See id.* at 211 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)) ("Restitution in equity was 'ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.'"). Absent any authority from this Circuit, I find the reasoning in *Skretvedt* persuasive and conclude Ms. Carnese may seek interest as an "appropriate equitable remedy."

Ms. Carnese also asserts a claim for attorney's fees and costs. ERISA does provide that

"the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). However, it is well-settled that pro se litigants cannot recover attorney's fees under federal statutes. *See Kay v. Ehrler*, 499 U.S. 432, 435-37 (1991) (pro se attorney not entitled to attorney's fees under 42 U.S.C. § 1988); *Benson v. Hafif*, 1997 WL 268337, *3 (9th Cir. May 15, 1997) (unpublished) (applying the *Kay* holding to ERISA); *Chaganti v. Sun Microsystems*, 2004 WL 2677169, *7 (N.D. Cal. Nov. 23, 2004) (unpublished) (same). Costs, on the other hand, are not subject to this limitation and are recoverable by pro se litigants. *See Burt v. Hennessey*, 929 F.2d 457, 458 (9th Cir. 1991) (awarding costs to pro se § 1983 litigant); *Carter v. Veterans Admin.*, 780 F.2d 1479, 1482 (9th Cir. 1986) (awarding costs to pro se FOIA litigant).

As such, Standard's motion (#6) is DENIED, and Ms. Carnese's cross motion (#10) is DENIED IN PART as to her claims for damages related to adverse tax consequences and attorney's fees and GRANTED IN PART as to her claims for interest and costs. Ms. Carnese is directed to file supplemental briefing on her interest and costs claims discussing the particulars of these claims, including the time period she claims she is entitled to interest, the proper rate of interest, and the specific costs she has incurred. This briefing is due by August 2, 2006. Standard may respond by August 16, 2006, and Ms. Carnese's reply is due on August 30, 2006. IT IS SO ORDERED.

DATED this __19th__ day of July, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court