UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FILED'06 OCT 19 13:39USDC-ORP

ROSEMARIE CARNESE,

        Plaintiff,

No. CV 06-211-MO

OPINION AND ORDER
Re: Interest & Costs

v.

STANDARD INSURANCE CO., et al.,

        Defendants.

**MOSMAN, J.,**

On July 19, 2006, the court found plaintiff Rosemarie Carnese is entitled to recover prejudgment interest and costs in this ERISA case and directed the parties to submit additional briefing addressing these claims. Thereafter, Ms. Carnese filed memoranda and supporting exhibits seeking interest at a rate of 13.5%, the rate at which she borrowed money as a result of defendant Standard Insurance Company's ("Standard") failure to pay benefits under the plan, totaling $5,227.51, and $2,920.24 in costs. Standard opposes these amounts arguing Ms. Carnese's requests exceed what is allowed by statute. Specifically, Standard argues the proper interest rate under 28 U.S.C. § 1961 is 5.09% and Ms. Carnese is only entitled to $325.00 in costs under 28 U.S.C. § 1920.

PAGE 1 - OPINION AND ORDER

1.) <u>Prejudgment Interest</u>

The court has discretion in calculating the rate of prejudgment interest. *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163-64 (9th Cir. 2001). The Ninth Circuit has instructed "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Id.* at 1164.

Ms. Carnese argues that because she was required to incur debt as a result of Standard's failure to pay benefits under the plan at a substantially higher interest rate than that allowed by statute, the equities of the case require the court to apply a non-statutory interest rate. While Ms. Carnese's argument is certainly understandable, she has not submitted substantial evidence in support of her claim. It is unclear from the various bank statements she submitted which amounts are associated with Standard's actions or even how she arrived at the 13.5% interest rate calculation. *See* Pl.'s Mem. in Resp. to Def.'s Mem., Ex. B at 1; *see also Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) ("Although a defendant's bad faith conduct may influence whether a court awards prejudgment interest, it should not influence the rate of the interest."). Thus, I must apply the applicable statutory interest rate in this case.

Under 28 U.S.C. § 1961(a), "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." Standard represents the applicable rate as of August 11, 2006–5.09%–applies here. However, the court entered judgment on July 19, 2006, and based on the Board of Governors' published rates, the applicable rate for this time period is 5.24%. Therefore, prejudgment interest

is awarded in this case at a rate of 5.24%.

    2.)    <u>Costs</u>

Ms. Carnese is also entitled to recover her litigation costs in this case. She argues that given Standard's bad faith, the court is not constrained by statute in awarding costs, but instead should exercise its equitable power and award her full request. However, this argument has been specifically rejected by the Supreme Court. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Contrary to Ms. Carnese's urging, the "district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Thus, Ms. Carnese is awarded $325.00 in costs. The remainder of her request is denied as it is outside the bounds of § 1920.

IT IS SO ORDERED.

DATED this 19th day of October, 2006.

                                                MICHAEL W. MOSMAN
                                                United States District Court